**UNITED STATES OF AMERICA**
**MERIT SYSTEMS PROTECTION BOARD**

JEMAL A. CHEATHAM,
               Appellant,

      v.

DEPARTMENT OF THE ARMY,
               Agency.

DOCKET NUMBER
DC-3330-15-0024-I-1

DATE: April 10, 2015

# THIS ORDER IS NONPRECEDENTIAL[1]

Jemal A. Cheatham, Silver Spring, Maryland, pro se.

Brett R. Howard, Esquire, APO, APO/FPO Europe, for the agency.

**BEFORE**

Susan Tsui Grundmann, Chairman
Mark A. Robbins, Member

**REMAND ORDER**

¶1      The appellant has filed a petition for review of the initial decision, which denied his request for corrective action under the Veterans Employment Opportunities Act of 1998 (VEOA). For the reasons discussed below, we GRANT the appellant's petition for review and REMAND the case to the regional office for further adjudication in accordance with this Order.

---

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. *See* 5 C.F.R. § 1201.117(c).

**BACKGROUND**

¶2 On June 11, 2014, the appellant applied for an Accounting Officer position in Wiesbaden, Germany, with the Department of the Army. Initial Appeal File (IAF), Tab 1 at 8, 16-17. The agency did not select the appellant for the position notified him that he was outside of the area of consideration identified in the vacancy announcement.[2] *Id*. at 10. After exhausting his veterans' preference administrative remedy with the Department of Labor, *id*. at 18-19, the appellant filed an appeal with the Board pursuant to VEOA, 5 U.S.C. § 3330a(d)(1), in which he asserted that the agency had denied him his veterans' preference rights, IAF, Tab 1 at 6. The appellant requested a hearing. *Id*. at 3.

¶3 The administrative judge issued a jurisdictional order that informed the appellant of the nonfrivolous allegations he had to raise in order to establish the Board's VEOA jurisdiction and ordered the appellant to file a statement on the issue within 20 days. IAF, Tab 2 at 2-3. The order informed the appellant that if he showed that the Board had jurisdiction, the administrative judge would adjudicate the appeal and schedule a hearing if he requested one. *Id*. at 3. The appellant timely responded to the jurisdictional order. IAF, Tab 3.

¶4 The agency also submitted a response and motion to dismiss the appeal for lack of jurisdiction. IAF, Tab 6 at 4-8. The agency asserted that the appellant had failed to establish that he was a preference eligible because the documentation he submitted with his application for the position, which consisted of two DD-214 forms, showed only National Guard Service, which did not entitle him to veterans' preference status. IAF, Tab 6 at 6, 35-36. In response to the agency's motion, the appellant submitted a letter from the Department of Veterans Affairs (VA) dated January 26, 2014, establishing his veterans' preference for civil service employment. IAF, Tab 9 at 4. The appellant did not

---

[2] The appellant subsequently also received notification that he was not referred for the position due to an incomplete application package. IAF, Tab 1 at 11.

indicate, however, whether he had submitted this document to the agency along with his application materials.

¶5      Without further development of the record, and without holding the requested hearing, the administrative judge issued an initial decision denying the appellant's request for corrective action on the merits. IAF, Tab 10, Initial Decision (ID). The administrative judge found that the appellant had established Board jurisdiction and that a decision could be made on the merits of the appeal without holding a hearing because there were no genuine issues of material fact. ID at 1, n.1. Specifically, he found that the appellant failed to show that the agency violated his veterans' preference rights because the appellant only provided the agency with documents showing that he had served in the Army National Guard, which the agency appropriately determined did not entitle him to veterans' preference status. ID at 3-4. Lastly, the administrative judge determined that the fact that the appellant submitted a copy of the VA letter showing his preference-eligible status that was dated more than 6 months after the agency made its hiring determination did not retroactively change his status at the time he applied. ID at 4.

¶6      The appellant has filed a petition for review in which he asserts for the first time that he submitted a copy of the VA letter to the agency on June 11, 2014, along with his other application materials, and that the administrative judge erred in finding that the letter was dated more than 6 months after the agency made its hiring determination. Petition for Review (PFR) File, Tab 1 at 4-5. The appellant also submits for the first time on review a copy of his electronic application package, which identifies the name, type, and date of the documents that he submitted with his application, including a "Veteran Preference Letter" submitted on June 11, 2014. PFR File, Tab 1 at 7. The agency has not filed a response to the appellant's petition.

## DISCUSSION OF ARGUMENTS ON REVIEW

¶7 As an initial matter, we agree with the appellant that the administrative judge improperly determined that the January 26, 2014 VA letter is dated 6 months after the agency made its hiring determination. The record below reflects that the vacancy announcement for the position was open from June 6, 2014, to June 12, 2014, and, according to the agency, it reviewed the appellant's application on August 6, 2014, and advised him that he would not receive further consideration. IAF, Tab 6 at 5, 17, 28. Thus, we find that the VA letter is dated over 6 months prior to the agency's determination. IAF, Tab 9 at 4. Further, for the reasons set forth below, we find that the appellant was not provided a full and fair opportunity to submit evidence regarding the merits of the appeal, including evidence relating to his preference-eligible status and whether, based on the materials he submitted to the agency with his application for the position, he established that he was entitled to preference-eligible status.

¶8 The Board has the authority to decide the merits of a VEOA appeal without a hearing if there is no genuine dispute of material fact and one party must prevail as a matter of law. *Jarrard v. Department of Justice*, 113 M.S.P.R. 502, ¶ 10 (2010); *Waters-Lindo v. Department of Defense*, 112 M.S.P.R. 1, ¶ 5 (2009). Where an administrative judge declines to hold a hearing, he is responsible for advising the parties that there will be no hearing, setting a date on which the record will close, and affording the parties an opportunity to make submissions regarding the merits before that date. *See Jarrard*, 113 M.S.P.R. 502, ¶ 11; *Ruffin v. Department of the Treasury*, 89 M.S.P.R. 396, ¶ 8 (2001).

¶9 Here, as noted, the administrative judge informed the appellant that if he found that the Board had jurisdiction, he would schedule the appellant's requested hearing. IAF, Tab 2 at 3. At no time before he issued his initial decision, however, did the administrative judge advise the parties that there would be no hearing on the appeal, nor did he provide them with an opportunity to make submissions regarding the merits. Although the administrative judge gave the

appellant an opportunity to assert nonfrivolous allegations of the Board's VEOA jurisdiction, we find that he did not afford the appellant a full and fair opportunity to prove by preponderant evidence that he is a preference eligible in regard to the merits of his appeal and that the appellant's veterans' preference status is a genuine dispute of material fact as to which the agency is not entitled to prevail as a matter of law. Moreover, to the extent that a copy of the appellant's employment application and supporting documentation is not a part of the record below, disputed factual issues exist as to whether the appellant submitted a copy of the VA letter or other documentation establishing his preference-eligible status to the agency with his application for the position.

¶10    Under these circumstances, we must remand this appeal to the regional office. On remand, the administrative judge shall provide the parties with an opportunity to make submissions regarding the merits of this appeal. Moreover, if the parties' submissions show that there is a factual dispute material to the issue of whether the appellant is entitled to relief under VEOA, the administrative judge shall hold a hearing on the appeal, as requested by the appellant. *See Sherwood v. Department of Veterans Affairs*, 88 M.S.P.R. 208, ¶ 11 (2001). In the absence of such a showing, the appeal may be adjudicated on the record without a hearing. *See id.*

## ORDER

For the reasons discussed above, we REMAND this case to the regional office for further adjudication in accordance with this Remand Order.


FOR THE BOARD:                                    _____
                                                 William D. Spencer
                                                 Clerk of the Board

Washington, D.C.